IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN BRENT TUCKER,

          Plaintiff,

v.                                                               Case No. 03-3364-SAC

SHAWNEE COUNTY JAIL and
UNITED STATES OF AMERICA,

          Defendants.

**ORDER**

This matter comes before the court upon plaintiff Steven Tucker's Motion for Court Order (Doc. 29). Specifically, plaintiff is seeking medical and jail records from defendant Shawnee County Jail. No response has been filed in opposition to plaintiff's motion, and the time for the filing of any such responses has expired.

D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][1] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2] Because no response has been filed in opposition to plaintiff's motion, the court finds that it should be treated as uncontested. Accordingly, the court now will address plaintiff's requests.

In his current motion, plaintiff asks the court to order defendant Shawnee County Jail to

---

[1] Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

[2] D. Kan. R. 7.4.

release records detailing plaintiff's medical and jail history during his imprisonment. While not specifically stated as such, plaintiff is in essence asking the court to compel the production of documents from defendant. Therefore, the court will treat plaintiff's Motion for Court Order as a motion to compel the production of documents governed by Fed. R. Civ. P. 34 and 37.

Fed. R. Civ. P. 34 governs requests for production of documents and provides that such requests may be made for documents containing "matters within the scope of 26(b)[3] and which are in the possession or control of the party upon whom the request is served."[4] The rule goes on to state that the request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity.[5] It appears that plaintiff failed to make a formal request for the medical and jail records as described in Rule 34. Plaintiff did seek to acquire the documents from a records clerk at the Shawnee County Jail. However, merely speaking with an employee of the defendant can not be considered making a formal request to opposing counsel for the records. Accordingly, plaintiff has failed to meet the requirements of Rule 34.

Further, Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[6] Thus,

---

[3] Fed. R. Civ. P. 26(b) states that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

[4] Fed. R. Civ. P. 34(a).

[5] Fed. R. Civ. P. 34(b).

[6] Fed. R. Civ. P. 37(a)(2)(B). *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all

"[b]efore filing a motion, the movant must make reasonable efforts to confer."[7]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[8]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[9]  "When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the dispute."[10]

The court notes that Steven Tucker, as a *pro se* litigant, is not excused from compliance with fundamental rules of procedure.[11]  Further, the court notes that Mr. Tucker has wholly failed to provide the court in his Motion any certification that he has in good faith conferred or attempted to confer with opposing counsel regarding his discovery dispute.  It appears that Mr. Tucker made no effort to speak directly with opposing counsel regarding the production of the records.  Rather, his only attempt to resolve the matter was to speak with a records clerk at the Shawnee County Jail.  As a result, Mr. Tucker has also failed to meet the certification requirement Rule 37 requires.  Because Mr. Tucker is not excused from compliance with fundamental rules of civil procedure, the court finds that this failure is sufficient grounds to deny

---

counsel to resolve the issues in dispute").

[7] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[8] D. Kan. R. 37.2.

[9] *Id.*

[10] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[11] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

plaintiff's motion.

However, such denial shall be without prejudice, providing plaintiff with the opportunity to re-file his motion to include information to demonstrate his motion is in full compliance with the Federal Rules of Civil Procedure as well as this court's local rules.

Further, the court notes that plaintiff may have already received the information he is currently seeking as part of the *Martinez* Report filed October 18, 2006, or through defendant Shawnee County Jail's initial disclosures, which were submitted after plaintiff's current motion on July 16, 2007.  If plaintiff desires a copy of the *Martinez* Report, he may request one from the U.S. District Court Clerk's Office.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Court Order (Doc. 29) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge